948 F.2d 1291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy MCGEE, Defendant-Appellant.
 No. 91-5646.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1991.
 
 Before MERRITT, Chief Judge; RALPH B. GUY, Jr., Circuit Judge, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Roy McGee, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to three counts of obtaining student loans by false statements, in violation of 20 U.S.C. § 1097(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this appeal.
 
 
 2
 McGee pleaded guilty to the counts described above on February 8, 1991, pursuant to a plea agreement. The government promised to request dismissal of three remaining counts at sentencing and to recommend sentencing at the low end of the applicable guideline range. At the sentencing hearing, McGee objected to use of a 1980 diversionary disposition in calculating his criminal history category. The district court overruled his objection and accepted the probation officer's calculation as presented in the presentence investigation report. The 10 criminal history points thus calculated resulted in a criminal history category of V. When combined with McGee's total offense level of 8, McGee's guideline sentencing range was 15-21 months. On April 26, 1991, the district court sentenced McGee to 15 months imprisonment, 3 years supervised release, and a $150 special assessment on the three counts to which he pleaded guilty. The three remaining counts were dismissed.
 
 
 3
 On appeal, McGee argues that the district court erred in using the 1980 diversionary disposition to assign him a criminal history category of V. However, his argument on appeal that no plea was entered in his 1980 diversion case differs in substance from his due process objection as presented during the sentencing proceeding. Because McGee did not present his argument on appeal to the district court at sentencing, this issue is reviewed for plain error. See United States v. Hatchett, 923 F.2d 369, 376 (5th Cir.1991).
 
 
 4
 Upon review, we affirm the district court's judgment because uncontested evidence presented at McGee's sentencing hearing established that he had entered a guilty plea to the charge resulting in diversion. A diversionary disposition resulting from a guilty plea is properly counted when calculating a defendant's criminal history category. U.S.S.G. § 4A1.2(f).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.